IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY DALICKAS, <br>     Plaintiff <br><br> v. <br><br> SUMMIT RIDGE BIOSYSTEMS, INC. <br> *d/b/a Summit Ridge Farms*, <br>     Defendant | 3:11cv358 <br><br> (JUDGE MUNLEY) |

## **MEMORANDUM**

Before the court for disposition is Defendant Summit Ridge Biosystems, Inc.'s motion to dismiss the complaint. The motion has been fully briefed and is ripe for disposition.

## BACKGROUND

Plaintiff Amy Dalickas ("Dalickas") worked for Defendant Summit Ridge Biosystems, Inc. ("Summit Ridge"). (Compl. ¶¶ 2-4 (Doc. 1)). Dalickas was hired on October 18, 1999. (Id. ¶ 6). Dalickas alleges that until the events in question, over the course of nearly ten years she received raises, promotions, and a bonus, with no written reprimands or warnings. (Id. ¶ 11). At the time of the events in question Dalickas was employed as a Study Director / Laboratory Manager. (Id. ¶ 31).

On December 3, 2008, Dalickas found out she was pregnant. (Id. ¶ 9). Dalickas informed Summit Ridge's president, Michael Panasevich ("Panasevich"), that she was pregnant on January 12, 2009. (Id. ¶ 10). Dalickas alleges that from this point forward "Panasevich's demeanor, speech and actions turned hostile towards Plaintiff." (Id. ¶ 12). Panasevich also "became more confrontational with Plaintiff and yelled at Plaintiff at times." (Id. ¶ 16).

In early 2009 Panasevich indicated that he wanted Dalickas to travel to a pet food trade show in Chicago in April of 2009. (Id. ¶ 13) Dalickas'

doctor advised against taking the trip and Dalickas informed Panasevich of this. (Id. ¶¶ 14, 15). Panasevich allegedly "berated" Dalickas for being unable to travel. (Id. ¶ 15). Dalickas alleges that she began taking anti-anxiety medication because of Panasevich's "hostile and confrontational demeanor." (Id. ¶ 17).

On April 6, 2009, Panasevich sent Dalickas "an e-mail complaining of Plaintiff's alleged poor performance." (Id. ¶ 18). On June 4, 2009, Panasevich allegedly yelled at Dalickas for not emailing a report. (Id. ¶ 19, 20). Dalickas asked why Panasevich was yelling and asked "[w]hy is it that for 10 plus years I was great at my job, and since I got pregnant, everything I do is wrong?" (Id. ¶ 20). Panasevich allegedly "stormed off" only to return to inform Dalickas that, from then on, he would communicate with her through Director of Operations Ryan Krupovich. (Id. ¶¶ 20, 21). Panasevich allegedly admitted he treated Dalickas differently from other employees because she was on a different pay scale, but not because she was pregnant. (Id. ¶ 21).

Dalickas alleges that her workload increased in June of 2009– other employees took vacation and Dalickas was required to train her temporary replacement. (Id. ¶¶ 22-23). Panasevich allegedly yelled at Dalickas on multiple occasions for not having completely trained the temporary employee. (Id. ¶ 24). On July 2, 2009, Dalickas expressed concern to Krupovich, stating "[p]regnancy in this place is a death sentence, and I am afraid that I am going to lose my job." (Id. ¶ 27). Krupovich allegedly assured Dalickas that her job was not in jeopardy. (Id.) Krupovich and Dalickas agreed that the two would communicate during Dalickas' leave. (Id. ¶¶ 29-30).

Dalickas took medical leave on July 3, 2009. (Id. ¶ 30). Dalickas alleges that on July 17, 2009 Krupovich sent a message to Dalickas that

2

Panasevich wanted her to analyze data from a study by the following day. (Id. ¶¶ 41-43). Dalickas encountered problems with the data and contacted Krupovich. (Id. ¶¶ 45-46). After receiving no guidance from Krupovich or Panasevich, Dalickas completed her work as best she could with the data she had, and emailed her results with certain instructions. (Id. ¶ 47). Summit Ridge employees allegedly did not follow the instructions, creating problems. (Id. ¶ 49). On July 21, 2009, Krupovich allegedly called Dalickas and yelled at her for not completing the study and demanding the files. (Id. ¶ 51).

Dalickas gave birth on July 27, 2009. (Id. ¶ 55). Dalickas was on maternity leave until September 17, 2009, at which point she returned to Summit Ridge for a meeting with Panasevich and Krupovich. (Id. ¶¶ 56, 57). Dalickas was discharged at the meeting. (Id. ¶ 58). Dalickas was given the following reasons for her termination: "(1) she went on maternity leave without completing studies she was working on; she did not communicate with Mr. Krupovich on a daily basis while on medical leave to discuss on-going projects; and (3) she was disrespectful to Mr. Krupovich during a phone conversation on July 21, 2009." (Id. ¶ 59).

On February 24, 2011, Dalickas filed her complaint. (Compl.). The complaint raises six counts: Counts I through IV claim gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act ("PDA"),42 U.S.C. § 2000e(k), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and Article I, Section 28 of the Constitution of the Commonwealth of Pennsylvania; Count V claims common law wrongful discharge based on gender discrimination; and Count VI claims intentional infliction of emotional distress. On May 3, 2011, Summit Ridge filed this motion to dismiss. (Doc. 5). The motion has been fully briefed, bringing the case to

3

its present posture.

**JURISDICTION**

Because this case is brought pursuant to Title VII, 42 U.S.C. § 2000e-2(a)(1), the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**LEGAL STANDARD**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that

the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

The court will address Dalickas' claims for gender discrimination and intentional infliction of emotional distress, in order.[1]

---

[1] Dalickas' brief in opposition to Summit Ridge's motion to dismiss appears to concede that Count IV claiming gender discrimination under

**1. Gender Discrimination Based on Pregnancy**

Counts I through III of Dalickas' complaint claim gender discrimination under Title VII, the PDA, and the PHRA. The court will analyze all three claims at once.[2] Under Title VII, "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Dalickas claims that Summit Ridge treated her differently from non-pregnant employees. (Compl. ¶¶ 21, 46).

In order to prove a prima facie case of disparate treatment under Title VII, the plaintiff must show that: 1) he is a member of a protected class; 2) he was qualified for the position; 3) he was subjected to an adverse employment action; and 4) the circumstances of the adverse action imply discrimination. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Dalickas has alleged, and Summit Ridge has not disputed

---

Article I, Section 28 of the Constitution of the Commonwealth of Pennsylvania and Count V claiming common law wrongful discharge should be dismissed, citing Weaver v. Harpster, 975 A.2d 555 (Pa. 2009). Accordingly, Summit Ridge's motion will be granted with respect to Counts IV and V as unopposed.

[2] A claim of discrimination based on pregnancy is, by definition, a claim for gender discrimination. See 42 U.S.C. § 2000e(k) (defining"because of sex" or "on the basis of sex" to include "because of or on the basis of pregnancy, childbirth, or related medical conditions"). Similarly, "[e]mployer liability under the Pennsylvania Human Relations Act follows the standards set out for employer liability under Title VII." Knabe v. Boury Corp., 114 F.3d 407, 410 n.5 (3d Cir. 1997).

in its motion to dismiss, that Dalickas was a member of a protected class (Compl. ¶ 34), that Dalickas was qualified for her position (Compl. ¶¶ 64, 11), and that Dalickas was subjected to an adverse employment action (Compl. ¶ 58).

Thus, the court must only determine at this stage whether Dalickas has plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" that the circumstances of the adverse action imply discrimination. Phillips, 515 F.3d at 234; Sarullo 352 F.3d at 797. "The evidence most often used to establish this nexus is that of disparate treatment, whereby a plaintiff shows that she was treated less favorably than similarly situated employees who are not in plaintiff's protected class." Doe v. C.A.R.S. Prot. Plus, 527 F.3d 358, 366 (3d Cir. 2008) (citing Iadimarco v. Runyon, 190 F.3d 151, 162 (3d Cir. 1999)).

Summit Ridge argues that Dalickas' allegations with respect to the motivations behind Dalickas' termination are insufficient. Specifically, Summit Ridge argues that Dalickas has failed to allege differential treatment. In addition, Summit Ridge notes that Dalickas' complaint includes plausible nondiscriminatory reasons for Dalickas' termination.

At this point, the court is satisfied that Dalickas has plausibly alleged a prima facie case of disparate treatment. She has indicated that non-pregnant employees who were similarly situated did not suffer adverse employment actions. Some of these other employees are named in the complaint and there is a reasonable expectation that discovery will elaborate on Dalickas' claim. Accordingly, the motion to dismiss will be denied with respect to Counts I through III.

**2. Intentional Infliction of Emotional Distress**

Count VI of Dalickas' complaint claims intentional infliction of emotional distress. Pennsylvania recognizes this cause of action, and

state courts have cited Section 46 of the Second Restatement of Torts as setting forth the elements of such a claim: "[O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." RESTATEMENT (SECOND) OF TORTS § 46 (1965); Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."  Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997) (quotation and emphasis omitted).

Summit Ridge argues that Dalickas has not alleged conduct of this nature.  In addition, Summit Ridge argues that the Pennsylvania Workers' Compensation Act, 77 PA. CONS. STAT. ANN. § 481(a), completely bars such claims, citing Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) ("Pennsylvania's workers' compensation statute provides the sole remedy 'for injuries allegedly sustained during the course of employment'").  See also Poyser v. Newman & Co., 522 A.2d 548, 551 (Pa. 1987) (holding that Pennsylvania Workers' Compensation Act does not implicitly include an intentional tort exception).[3]  Dalickas argues that

---

[3] Although the Supreme Court of Pennsylvania has refused to recognize a general intentional tort exception to the Act, there is a limited statutory exception.  See 77 PA. CONS. STAT. ANN. § 411 ("The term 'injury arising in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe [sic] because of reasons personal to him, and not directed against him as an employe [sic] or because of his employment[.]").  From this section, courts have divined a "personal animus" exception which acknowledges that, in some circumstances, the fact that a tortfeasor

8

Panasevich "repeatedly harassed and berated Dalickas while she performed her work duties during her pregnancy and ultimately fired her while she was on a maternity leave due to fabricated performance complaints." (Br. Opp. 15 (Doc. 9)).

Taking Dalickas' factual allegations as true, we assume that Panasevich and Kropovich "yelled" at and "berated" Dalickas on many occasions. We assume that Panasevich had a "hostile and confrontational demeanor" towards Dalickas. We assume that Panasevich "stormed off" at times. For the purpose of this motion, we assume that Dalickas regularly endured treatment of this nature from December 2008 until September 2009 and that Dalickas took anxiety medication for stress. Even under these assumptions, however, we determine that Dalickas has failed to state a claim of intentional infliction of emotional distress, regardless of whether such a claim would be barred by the Workers' Compensation Act. See, e.g., Fugarino v. University Servs., 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000) (granting motion to dismiss where plaintiff alleged employer "(1) criticized her; (2) publicly reprimanded her; (3) disparaged her professionally and personally to others; (4) searched her desk at work; (5) asked her out on a date twice; and (6) made a single "obscene" phone call to her at work."). Dalickas has cited no case where allegations similar to hers have survived a motion to dismiss. Rather, Dalickas alleges workplace behavior which is not so atypical as to be fairly characterized as extreme, outrageous, atrocious, intolerable, or beyond all decency.

---

happens to be the plaintiff's employer is ancillary to the tort– that is, the facts show that the tort arose predominantly from a personal relationship, rather than an employment relationship. See Fugarino v. University Servs., 123 F. Supp. 2d 838, 843-44 (E.D. Pa. 2000) (cataloguing "personal animus" exception cases). Such an exception does not apply to this case.

9

Accordingly the motion will be granted with respect to Dalickas' claim for intentional infliction of emotional distress.

**CONCLUSION**

For the reasons stated above, Defendant Summit Ridge Biosystems, Inc.'s motion to dismiss will be granted, in part, and denied, in part. The motion will be denied with respect to Counts I through III for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act ("PDA"),42 U.S.C. § 2000e(k), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* The motion will be granted with respect to Count IV for gender discrimination under Article I, Section 28 of the Constitution of the Commonwealth of Pennsylvania; Count V for common law wrongful discharge based on gender discrimination; and Count VI for intentional infliction of emotional distress. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY DALICKAS,<br>    Plaintiff<br><br>    v.<br><br>SUMMIT RIDGE BIOSYSTEMS, INC.<br>*d/b/a Summit Ridge Farms*,<br>    Defendant | 3:11cv358<br><br>(JUDGE MUNLEY) |

## ORDER

**AND NOW**, to wit, this  29th  day of September 2011, upon consideration of Defendant Summit Ridge Biosystems, Inc.'s motion to dismiss, it is HEREBY **ORDERED** that the motion is **GRANTED**, in part, and **DENIED**, in part.

The motion is **DENIED** with respect to Counts I through III for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act ("PDA"),42 U.S.C. § 2000e(k), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

The motion is **GRANTED** with respect to Count IV for gender discrimination under Article I, Section 28 of the Constitution of the Commonwealth of Pennsylvania; Count V for common law wrongful discharge based on gender discrimination; and Count VI for intentional infliction of emotional distress.

                                    **BY THE COURT:**

                                    S/ James M. Munley
                                  **JUDGE JAMES M. MUNLEY
                                  United States District Court**